**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAMEEL H. PARROTT, | : | |
|  | : | Civil Action No. 06-5577 (WJM) |
| Plaintiff, | : | |
|  | : | |
| v. | : | **O P I N I O N** |
|  | : | |
| STEPHEN J. TARDIFF, et al., | : | |
|  | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Jameel H. Parrott
#352299C/500292
Lock Bag R
East Jersey State Prison
Rahway, NJ 07065

**MARTINI**, District Judge

    Plaintiff Jameel H. Parrott, a prisoner confined at the East Jersey State Prison in Rahway, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff states that on August 12, 2002, he was falsely arrested by the Carteret Police Department and taken to headquarters. There, defendant Tardiff told him that he was "picked up" and arrested for an outstanding warrant dating back to 1998. Plaintiff states there were no active warrants to justify his arrest in 2002.

Plaintiff also states that defendant Tardiff testified at a pretrial hearing that Plaintiff was arrested for possession of drugs, and that Defendant had found drugs on Plaintiff during a routine search at police headquarters.

Plaintiff contends that his arrest was illegal and the warrant to arrest him invalid. Along with defendant Detective Tardiff, Plaintiff seeks to sue Officer Platt, who executed the warrant, and Municipal Court Judge Allen P. Coomba, for "knowingly and willingly allow[ing] the above defendants to execute an illegal arrest with a frivolous arrest warrant." He

asks for monetary relief and for the municipal charges in Carteret to be dropped.

## DISCUSSION

**A.   Standard of Review**

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319,

325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Complaint is Time-Barred.**

Plaintiff's Complaint alleging false arrest is time-barred. Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. See Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987). Unless their full application would defeat the

goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.  See Wilson, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (App. Div.) (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370

(3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. at n.9.

Recently, in Wallace v. Kato, 2007 WL 517122 (U.S. February 21, 2007), the Supreme Court addressed the timeliness of a false arrest claim. There, the petitioner had been arrested and convicted of murder based upon an unlawfully-obtained confession, but the charges were dropped after appeal. Rejecting that petitioner's effort to bring a false arrest claim after the charges were dropped, the Supreme Court held that a cause of action for false arrest and the imprisonment incident to that arrest accrues as soon as the allegedly wrongful arrest occurs and that the limitations period begins to run when that false imprisonment comes to an end, that is, when the victim becomes held pursuant to legal process - "when, for example, he is bound over by a magistrate or arraigned on charges." The Supreme Court explicitly rejected the contention that the cause of action did not accrue until the State dropped its charges against the victim. See also Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998) (claim for false arrest accrues at time of arrest).

Here, Plaintiff asserts that he was falsely arrested on August 12, 2002. Plaintiff admits that a pretrial hearing was conducted in April of 2003. Accordingly, under the most generous possible theory of accrual, Plaintiff had until April of 2005 to file his Complaint. This Complaint is dated November 16, 2006, and was received by this Court on November 21, 2006. Plaintiff alleges no facts suggesting a basis for tolling. Accordingly, the Complaint must be dismissed as time-barred.

**D.   Judicial Immunity**

Alternatively, Plaintiff's claims against defendant Municipal Judge Comba are subject to dismissal. Judges are entitled to absolute immunity from § 1983 suits based on actions taken in their official judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991). A judge is not deprived of such immunity even for actions taken in error or in excess of judicial authority. See id. at 12-13; Stump v. Sparkman, 435 U.S. 349, 356 (1978).

Furthermore, the Third Circuit has held that for purposes of judicial immunity, there is no distinction between judges of courts of limited and general jurisdiction. See Figueroa v. Blackburn, 208 F.3d 435, 441 (3d Cir. 2000)(holding that municipal judge was entitled to absolute immunity when judicial acts were taken in a matter over which judge had jurisdiction)(citing Butz v. Economou, 438 U.S. 478, 513 (1978); Pierson v. Ray, 386 U.S. 547, 553-55 (1967)).

Because the claims against the defendant judge refer to actions that the judge took in his official judicial capacity, and because the judge is entitled to absolute immunity, the claims against defendant Comba are also subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

## **CONCLUSION**

For the reasons set forth above, the Complaint must be dismissed with prejudice, as time-barred.  It does not appear that Plaintiff could amend the Complaint to state a claim. An appropriate order follows.

s/William J. Martini

WILLIAM J. MARTINI
United States District Judge

Dated: 3/28/07